## GRIGGS ET AL. *v.* PROVIDENT CONSUMER DISCOUNT CO.

No. 82–5082.   Decided November 29, 1982

PER CURIAM.

The petition for certiorari questions the validity of a notice of appeal filed after the entry of the District Court's judgment but while the appellant's motion to alter or amend that judgment remained pending in the District Court.

The petitioners brought this civil action in the United States District Court for the Eastern District of Pennsylvania, seeking statutory damages for an alleged violation of the Truth in Lending Act, 82 Stat. 146, as amended, 15 U. S. C. § 1601 *et seq.*, and Regulation Z of the Federal Reserve Board, 12 CFR § 226.1 *et seq.* (1982). On December 24, 1980, the District Court granted the petitioners' motion for summary judgment, finding that the respondent's disclosure of its security interests in after-acquired property had been inaccurate and misleading. 503 F. Supp. 246. On November 5, 1981, the District Court entered an order pursuant to Federal Rule of Civil Procedure 54(b) directing that a final judgment be entered. On November 12, the respondent filed a timely motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59. On November 19, while that motion was still pending, the respondent filed a notice of appeal. On November 23, the District Court denied the motion to alter or amend the judgment. Neither the opinion below nor the response to the petition for a writ of certiorari indicates that any further notice of appeal was filed.

The United States Court of Appeals for the Third Circuit accepted jurisdiction of the appeal and reversed the District Court's judgment. 680 F. 2d 927 (1982). The Court of Appeals explained its decision to take jurisdiction as follows:

"The Griggses urge that this matter is not appealable because Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that '[a] notice of appeal filed before the disposition of any of the above motions shall have no effect.' Appellant did fail to satisfy Rule 4(a)(4) but though a premature notice of appeal is subject to dismissal, we have generally allowed appellant to proceed unless the appellee can show prejudice resulting from the premature filing of the notice. *Tose* v. *First Pennsylvania Bank, N.A.*, 648 F. 2d 879, 882 n. 2 (3d Cir.),

*cert. denied,* [454] U. S. [893] . . . (1981); *Hodge* v. *Hodge,* 507 F. 2d 87, 89 (3d Cir. 1975); *accord Williams* v. *Town of Okoboji,* 599 F. 2d 238 (8th Cir. 1979). *See also* 9 Moore's Federal Practice ¶ 204.14 (2d ed. 1982). In our case, the Griggses have shown no prejudice by the premature filing of a notice of appeal." *Id.,* at 929, n. 2.

Because this analysis of Rule 4(a)(4) conflicts with the decisions of other Courts of Appeals[1] and is contrary to the language and purposes of the 1979 amendments to the Federal Rules of Appellate Procedure, we grant the petitioners' request for leave to proceed *in forma pauperis* and their petition for a writ of certiorari, and we reverse.

Even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. See, *e. g., United States* v. *Hitchmon,* 587 F. 2d 1357 (CA5 1979). Cf. *Ruby* v. *Secretary of United States Navy,* 365 F. 2d 385, 389 (CA9 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction), cert. denied, 386 U. S. 1011 (1967). Under pre-1979 procedures, a district court lacked jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed. See *Hattersley* v. *Bollt,* 512 F. 2d 209 (CA3 1975); *Edmond* v.

---

[1] See *United States* v. *Valdosta-Lowndes County Hospital Authority,* 668 F. 2d 1177, 1178, n. 2 (CA11 1982); *Beam* v. *Youens,* 664 F. 2d 1275 (CA5 1982); *Williams* v. *Bolger,* 633 F. 2d 410 (CA5 1980); *Century Laminating, Ltd.* v. *Montgomery,* 595 F. 2d 563 (CA10), cert. dism'd, 444 U. S. 987 (1979). Cf. *United States* v. *Jones,* 669 F. 2d 559, 561 (CA8 1982) (dictum); *Calhoun* v. *United States,* 647 F. 2d 6, 10 (CA9 1981); *United States* v. *Moore,* 616 F. 2d 1030, 1032, n. 2 (CA7) (dictum), cert. denied, 446 U. S. 987 (1980). But cf. *Laser Alignment, Inc.* v. *Warlick,* 32 Fed. Rules Serv. 2d 776 (CA4 1981).

*Moore-McCormack Lines*, 253 F. 2d 143 (CA2 1958).   How-
ever, if the timing was reversed—if the notice of appeal was
filed after the motion to vacate, alter, or amend the judg-
ment—two seemingly inconsistent conclusions were gener-
ally held to follow: the district court retained jurisdiction to
decide the motion, but the notice of appeal was nonetheless
considered adequate for purposes of beginning the appeals
process.   *E. g.*, *Yaretsky* v. *Blum*, 592 F. 2d 65, 66 (CA2
1979), cert. denied, 450 U. S. 925 (1981); *Williams* v. *Town of
Okoboji*, 599 F. 2d 238 (CA8 1979); *Alexander* v. *Aero Lodge
No. 735*, 565 F. 2d 1364, 1371 (CA6 1977), cert. denied, 436
U. S. 946 (1978); *Dougherty* v. *Harper's Magazine Co.*, 537
F. 2d 758, 762 (CA3 1976); *Stokes* v. *Peyton's Inc.*, 508 F. 2d
1287 (CA5 1975); *Song Jook Suh* v. *Rosenberg*, 437 F. 2d 1098
(CA9 1971).   Cf. *Foman* v. *Davis*, 371 U. S. 178 (1962).
But see *Century Laminating, Ltd.* v. *Montgomery*, 595 F. 2d
563 (CA10), cert. dism'd, 444 U. S. 987 (1979).   The reason
this theoretical inconsistency was tolerable in practice was
that the district courts did not automatically inform the
courts of appeals when a notice of appeal had been filed, and
there was therefore little danger a district court and a court
of appeals would be simultaneously analyzing the same
judgment.

In 1979, the Rules were amended to clarify both the liti-
gants' timetable and the courts' respective jurisdictions.
The new requirement that a district court "transmit forth-
with" any valid notice of appeal to the court of appeals ad-
vanced the time when that court could begin processing an
appeal.   Fed. Rule App. Proc. 3(d).   At the same time, in
order to prevent unnecessary appellate review, the district
court was given express authority to entertain a timely mo-
tion to alter or amend the judgment under Rule 59, even
after a notice of appeal had been filed.   Fed. Rule App. Proc.
4(a)(4).   If these had been the only changes, the theoretical
inconsistency noted above would have suddenly taken on
practical significance.   A broad class of situations would

have been created in which district courts and courts of appeals would both have had the power to modify the same judgment. The 1979 amendments avoided that potential conflict by depriving the courts of appeals of jurisdiction in such situations.

New Rule 4(a)(4) states:[2]

> "If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party . . . under Rule 59 . . . , the time for appeal for all parties shall run from the entry of the order denying . . . such motion. A notice of appeal filed before the disposition of [such motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing."

---

[2] The Advisory Committee on Appellate Rules explained the modification as follows:

"The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion. . . . [I]t would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from. . . . Under the present rule, since docketing may not take place until the record is transmitted, premature filing is much less likely to involve waste effort. See, e. g., *Stokes* v. *Peyton's Inc.*, 508 F. 2d 1287 (5th Cir. 1975). Further, since a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

"The present rule [pre-1979], since it provides for the 'termination' of the 'running' of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of." Notes of Advisory Committee on Appellate Rules, 28 U. S. C. App., p. 146 (1976 ed., Supp V).

Professor Moore has aptly described the post-1979 effect of a Rule 59 motion on a previously filed notice of appeal: "The appeal simply self-destructs." 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 204.12[1], p. 4–65, n. 17 (1982). Moreover, a subsequent notice of appeal is also ineffective if it is filed while a timely Rule 59 motion is still pending. See 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3950 (1982 Supp.).

The United States Court of Appeals for the Third Circuit has taken the position that, notwithstanding the 1979 amendments, it retains discretion under Federal Rule of Appellate Procedure 2 to waive the conceded defects in a premature notice of appeal. *Tose* v. *First Pennsylvania Bank, N.A.*, 648 F. 2d 879, 882, n. 2, cert. denied, 454 U. S. 893 (1981). We disagree. The notice of appeal filed in this case on November 19, 1980, was not merely defective; it was a nullity. Under the plain language of the current Rule, a premature notice of appeal "shall have no effect"; a new notice of appeal "must be filed." In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act. It is well settled that the requirement of a timely notice of appeal is "'mandatory and jurisdictional.'" *Browder* v. *Director, Illinois Dept. of Corrections*, 434 U. S. 257, 264 (1978).[3]

The motion of petitioners for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

[3] Rule 2 does not purport to vest unlimited discretion in the court of appeals. That Rule explicitly states that the discretion it authorizes is limited by Rule 26(b), which prohibits courts of appeals from enlarging the time for filing a notice of appeal.

JUSTICE MARSHALL, dissenting.

Without the benefit of briefing or argument on the merits, the majority—in a conclusory footnote—decides that a Court of Appeals cannot invoke Rule 2 of the Federal Rules of Appellate Procedure to waive a defect in a notice of appeal. The Court's exercise of its majestic power to decide this question is inappropriate in this case because an alternative ground for the lower court's disposition exists: respondent in fact filed an effective notice of appeal following the denial of its motion to amend the District Court's judgment.[1] In any event, the majority's interpretation of Rule 2 is inconsistent with the language of the Rule and with prior Court decisions, and the decision may have grave consequences for *pro se* litigants. At a minimum, the Court should allow the parties an opportunity to address these issues in a brief on the merits. I respectfully dissent.

I

While the majority describes respondent's filing of a premature notice of appeal, it fails to mention the subsequent actions taken by respondent in the Court of Appeals following the District Court's denial of the Federal Rule of Civil Procedure 59 motion on November 23, 1981. Respondent's actions within 30 days of November 23 amply satisfied the content requirements of Federal Rule of Appellate Procedure 3(c).

On December 4, the Court of Appeals docketed the appeal and the record from the District Court was filed. That same day, the Clerk for the Court of Appeals sent a letter to respondent's counsel with a copy to petitioners' counsel notifying them that the case had been docketed and the record

---

[1] Presumably, the majority's remand for "further proceedings" will allow the Court of Appeals to consider whether respondent filed an effective notice of appeal. Cf. *United States* v. *Hollywood Motor Car Co.*, 458 U. S. 263 (1982) *(per curiam)* (where the lower court lacks jurisdiction, Court reverses and remands with instructions to the Court of Appeals to dismiss the appeal); *Browder* v. *Director, Illinois Dept. of Corrections*, 434 U. S. 257 (1978) (Court simply reverses where Court of Appeals lacked jurisdiction due to untimely notice of appeal).

filed. The Clerk's letter noted that a brief on the merits of the appeal had already been filed by respondent, due to a prior misunderstanding.[2] The Clerk asked respondent's counsel to advise the court "in writing if it is your intention to rely on the briefs previously filed." See App. C to Pet. for Cert.

On December 12, respondent sent two letters to the Court of Appeals, both of which were received on December 15.[3] The first letter stated that respondent intended to file a new brief in the docketed case but would rely on the same appendix that had previously been filed. The letter also included a disclosure statement in order to comply with a local Third Circuit rule. The second letter provided, in accordance with Federal Rule of Appellate Procedure 30(b), a statement of the issues which respondent intended to present for review to the Court of Appeals and also a designation of the portions of the appendix on which respondent would rely. Copies of *both* of these letters were served on counsel for petitioners.

Under the circumstances of this case, viewed in their entirety, respondent clearly filed a timely notice of appeal as defined by Rule 3(c). That Rule was amended in 1979 to provide that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." The Advisory Com-

---

[2] Respondent filed a brief on appeal in early 1981 in the mistaken belief that a final summary judgment had been entered. On October 2, 1981, the Court of Appeals remanded the case to the District Court, which subsequently entered an order directing entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

[3] The Clerk's Office for the Court of Appeals for the Third Circuit enters only pleadings on its docket sheet. It maintains a separate file for all correspondence relating to a docketed case. The letters sent by respondent are in the Court of Appeals correspondence file for case No. 81–2989, the Court of Appeals docket number for this case. The docket sheet for the Court of Appeals in No. 81–2989 states that on December 4, 1981, a notice of appeal by respondent's counsel was filed. This is apparently a reference to a certified copy of the premature notice of appeal, which the District Court transmitted along with the record.

mittee Notes explain the significance of the amendment as follows:

> "[I]t is important that the right to appeal not be lost by mistakes of mere form.   In a number of decided cases it has been held that *so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with.*   See, e. g., *Cobb* v. *Lewis* (C. A. 5th, 1974) 488 F. 2d 41; *Holley* v. *Capps* (C. A. 5th, 1972) 468 F. 2d 1366.   The proposed amendment would give recognition to this practice."   28 U. S. C. App., p. 144 (1976 ed., Supp. V) (emphasis added).

The *Cobb* case cited by the Advisory Committee is particularly instructive.   There, the Court of Appeals concluded that "the notice of appeal requirement may be satisfied by *any* statement, made either to the district court *or to the Court of Appeals*, that clearly evinces the party's intent to appeal."   *Cobb* v. *Lewis*, 488 F. 2d 41, 45 (CA5 1974) (emphasis added).   The court reasoned that such a statement "accomplishes the two basic objectives of the Rule 3 notice requirement: (1) to notify the Court of the taking of an appeal; and (2) to notify the opposing party of the taking of an appeal."   *Ibid.*

The actions undertaken by respondent during the 30 days after November 23 amply satisfied the Rule's requirement of notice to the Court of Appeals[4] and to the opposing party.

---

[4] The papers filed by respondent after November 23 were transmitted to the Court of Appeals rather than to the District Court.   *Cobb* v. *Lewis*, 488 F. 2d, at 45, makes clear that the notice requirement may be satisfied by a statement made *either* to the District Court *or* to the Court of Appeals.   In a similar vein, Federal Rule of Appellate Procedure 4(a)(1) states that if a notice of appeal "is mistakenly filed in the court of appeals," the clerk of that court should note the date of the notice, and the notice "shall be deemed filed in the district court on the date so noted."   Thus, a mistaken filing in the Court of Appeals is clearly not a fatal defect under

Within 30 days after November 23, 1981, the Court of Appeals had before it the record of the case, respondent's previously filed brief on the merits, a letter from respondent indicating its intention to file a new brief on the merits and also containing a disclosure statement, and a letter from respondent stating precisely those issues which were to be raised on appeal and also providing designations of the portions of the previously filed appendix upon which respondent would rely. Similarly, petitioners had received a notice from the Court of Appeals that the case had been docketed and the record filed, and they had received from respondent copies of the letters sent to the Court of Appeals, which included a Rule 30(b) statement of the issues to be presented.

The specific actions taken by respondent after November 23 provided adequate notice of its intent to appeal. Any other conclusion would exalt empty form and ritual over common sense. As the court stated in *Cobb* v. *Lewis, supra,* a decision upon which the Advisory Committee relied in amending Rule 3(c), "'it would we think be a harking back to formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice, to hold the extremely simple procedure required by the Rule is itself a kind of Mumbo Jumbo, and that the failure to comply formalistically with it defeats substantial rights.'" 488 F. 2d, at 45, quoting *Crump* v. *Hill*, 104 F. 2d 36, 38 (CA5 1939).

Because respondent filed an effective notice of appeal, the Court of Appeals was compelled to reach the merits of the appeal. The lower court's interpretation of its discretionary

---

the Rules. In this case, respondent appears to have filed a notice of appeal as defined by Rule 3(c) with the Court of Appeals on December 15. By that date, the District Court had already transmitted the record and a certified copy of the premature notice of appeal to the Court of Appeals, and the appellate court had docketed the appeal. Under these circumstances, the Court of Appeals would have been the sensible place in which to file a new notice. Respondent should not have been expected to return to the District Court after December 4, when that court no longer had the record.

authority under Rule 2 of the Federal Rules of Appellate Procedure was thus unnecessary to the proper disposition of respondent's appeal. Consequently, I do not think this case is an appropriate vehicle for making new procedural law.

## II

Even if this case warranted review, I would decline to join the majority in summarily rejecting the basis provided by the Court of Appeals for its decision to reach the merits of respondent's appeal. The court relied on Rule 2 of the Federal Rules of Appellate Procedure, which provides that for good cause "a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case . . . on its own motion . . . ." According to the Advisory Committee Notes, the Rule "contains a general authorization to the courts to relieve litigants of the consequences of default where manifest injustice would otherwise result." 28 U. S. C. App., p. 352.

Invoking its discretionary authority under Rule 2, the Third Circuit declines to dismiss appeals based on Rule 4(a)(4) defaults in the absence of a showing of prejudice to the appellee. See Tose v. First Pennsylvania Bank, N.A., 648 F. 2d 879, 882, n. 2, cert. denied, 454 U. S. 893 (1981); Hodge v. Hodge, 507 F. 2d 87, 89 (CA3 1975), cited in 680 F. 2d 927, 929, n. 2 (1982) (case below). On this ground, the Court of Appeals exercised its discretion in this case after concluding that petitioners had failed to show any prejudice.[5]

In a two-sentence footnote rejecting the lower court's interpretation of Rule 2, the majority notes only that the discretion granted in Rule 2 is explicitly limited by Federal Rule of Appellate Procedure 26(b), which states that a court of appeals "may not enlarge the time for filing a notice of appeal."

---

[5] The majority apparently does not dispute the Court of Appeals' conclusion that the dismissal of an appeal based on an appellant's failure to comply with the technical requirements of Rule 4(a)(4) would be a manifest injustice in the absence of prejudice to the appellee.

The majority does not explain the relevance of Rule 26(b) to this case. The common-sense meaning of the Rule is that a court may not recognize a *late* notice of appeal. See *United States* v. *Robinson*, 361 U. S. 220, 224 (1960). Rule 26 by its very title deals with an *extension* of time; in the words of the Advisory Committee Notes to Rule 2, "Rule 26(b) prohibits a court of appeals from *extending* the time for taking appeal or seeking review" (emphasis added). 28 U. S. C. App., p. 352. In similar fashion, the provisions of Federal Rule of Civil Procedure 6, on which Rule 26 is based,[6] discuss enlargement in terms of extending the *expiration* date of a period. In short, there is little question that a court of appeals may not—consistent with the mandate of Rule 26(b)— give effect to a late notice of appeal. But it is certainly debatable whether Rule 26(b) prohibits the recognition of a *premature* notice of appeal. Only Rule 4(a)(4) explicitly bars such recognition, but Rule 4(a)(4) does not serve as an express limitation on Rule 2.

The Court concludes that, because of respondent's failure to refile the same notice of appeal filed four days prematurely, the Court of Appeals was absolutely barred from addressing the merits of its appeal. This conclusion flies in the face of our previous declaration that it is "too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman* v. *Davis*, 371 U. S. 178, 181 (1962) (discussing a notice of appeal under Federal Rule of Civil Procedure 73(a), the predecessor of Federal Rule of Appellate Procedure 4). See also *Bankers Trust Co.* v. *Mallis*, 435 U. S. 381, 387 (1978) *(per curiam)* ("the technical requirements [imposed by the Rules of Appellate Procedure] for a notice of appeal were not mandatory where the notice 'did not mislead or prejudice'").

---

[6] See 1967 Advisory Committee Note to Fed. Rule App. Proc. 26, 28 U. S. C. App., p. 367.

The Court's interpretation of Rule 4(a)(4) also creates new and serious pitfalls for *pro se* and other unsophisticated litigants. The reports are filled with cases in which litigants filed postjudgment motions to "reconsider," to "vacate," to "set aside," or to "reargue" adverse judgments. The lower courts have almost without exception treated these as Rule 59 motions, *regardless* of their label.[7] Indeed, even motions captioned under Rule 60(b), but filed within 10 days of judgment, are normally deemed Rule 59 motions.[8] According to the majority, a notice of appeal becomes a "nullity" if it is filed while a Rule 59 motion is pending. Thus, under the majority's approach, litigants could unwittingly file invalid notices of appeal simply because they had previously filed a motion questioning a district court judgment which, unbeknownst to them, is a Rule 59 motion. The mere failure to appreciate the distinction between a Rule 59 motion and a Rule 60(b) motion, when combined with the draconian application of Rule 4(a)(4) adopted by the majority, would *require* the dismissal of an appeal. See, *e. g.*, *Apel* v. *Wainwright*, 677 F. 2d 116 (CA11 1982) (on petition for rehearing), cert. pending, No. 82-5503.

## III

If the Court believes, as I do not, that it is necessary in this case to examine the Court of Appeals' interpretation of Rule 2, I would at least notify the parties that the Court is consid-

---

[7] See 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 204.12[1], p. 4-67, and n. 26 (1982). In the Third Circuit alone, see, *e. g.*, *Richerson* v. *Jones*, 572 F. 2d 89, 93 (1978) (motion to reconsider judgment); *Sonnenblick-Goldman Corp.* v. *Nowalk*, 420 F. 2d 858, 859 (1970) (motion to vacate judgment); *Gainey* v. *Brotherhood of Railway & Steamship Clerks*, 303 F. 2d 716, 718 (1962) (motion for rehearing or reconsideration). Sometimes the characterization has resulted in the dismissal of an appeal.

[8] *E. g.*, *Dove* v. *Codesco*, 569 F. 2d 807 (CA4 1978); *Alley* v. *Dodge Hotel*, 179 U. S. App. D. C. 256, 551 F. 2d 442 (1977); *Sea Ranch Assn.* v. *California Coastal Zone Conservation Comm'ns*, 537 F. 2d 1058 (CA9 1976); *Woodham* v. *American Cystoscope Co.*, 335 F. 2d 551 (CA5 1964).

ering a summary disposition, so that they may have an opportunity to submit briefs on the merits. Without such briefing, the risk of error necessarily increases. I therefore dissent.